FILED
United States Court of Appeals
Tenth Circuit

December 7, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ABBASID, INC.,

      Plaintiff-Appellant,

v.

THE TRAVELERS INDEMNITY
COMPANY,

      Defendant-Appellee.

No. 10-2079
(D.C. No. 1:07-CV-01006-WJ-LFG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

Abbasid, Inc. (Abbasid) appeals the district court's entry of summary

judgment in favor of Travelers Indemnity Co. (Travelers) in this diversity action.

Abbasid made a claim on its insurance policy with Travelers due to water and

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sewage damage to its inventory of Oriental rugs on September 7, 2005.[1]

Travelers denied coverage based on a policy exclusion for damage caused by a water or sewer backup or overflow. The district court held that the exclusion applied to deny coverage and granted Travelers' motion for summary judgment.

*Background*

Shortly after moving into retail space in Santa Fe, New Mexico, water and sewage leaked into Abbasid's premises from the restaurant above it. The leak was caused by a blockage in the sewer pipe that caused an uncapped connection of the sanitary sewer main serving the restaurant to overflow. Abbasid submitted claims to its insurance company, Travelers, who denied coverage. The relevant provision in the Travelers policy states:

B. EXCLUSIONS

1.     We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
. . . .
g. Water
. . . .
(3)(a) Water or sewage that backs up or overflows from a sewer, drain or sump.
(b) Except for septic tanks, cesspool systems and exterior drains, <u>this exclusion does not apply when the cause of the</u>

---

[1]     Abbasid made additional claims for insurance coverage, but has not addressed those claims on appeal, so has waived them. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1182 n.4 (10th Cir. 2002) (stating issues not argued to the appellate court are deemed waived).

> water back-up or sewage overflow occurs due to a blockage which originates on the described premises.

Aplt. App. at 37-38 (emphasis added).

According to Abbasid, Travelers failed to establish that the blockage resulting in the water backup or sewage overflow did not originate on Abbasid's premises. In other words, Abbasid contends that Travelers did not show where the backup occurred and thus did not satisfy its duty to prove the "exception to the exclusion." It contends that it is possible, even likely, that the blockage originated on its premises, given that the Abbasid store occupied the space below the restaurant from which the sewage spilled. Unfortunately, this argument has been waived on appeal because Abbasid did not raise it to the district court.

*Discussion*

"Failure to raise an issue in the district court generally constitutes waiver." *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1197 (10th Cir. 2010) (quotation omitted). Travelers asserts that Abbasid failed to dispute that the sewage blockage or backup occurred off its premises. Aplee. Br. at 16. Abbasid responds that in its opposition to summary judgment, it pointed out a lack of evidence to support summary judgment. Aplt. Reply Br. at 2 (citing Aplt. App. at 68-69). But in opposing summary judgment, Abbasid argued that Travelers had failed to establish that the spill was caused by a "backup" rather than by some other failure, not that it had failed to establish where the blockage originated.

-3-

Aplt. App. at 68-69; *see also id.* at 113 (Abbasid's surreply in opposition to summary judgment arguing that "failure of a sewer pipe or cap is not encompassed by a backup or overflow exclusion").

Moreover, the district court found that "[n]either party dispute[d] that the September 2005 sewage leak did not originate on Abbasid's premises." Aplt. App. at 123. We note that Abbasid did not attempt to correct this claimed error by filing a motion under Fed. R. Civ. P. 60(b). *See Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 722-23 (10th Cir. 2008) (explaining that Rule 60(b) motions may provide relief "when the judge has made a substantive mistake of law or fact in the final judgment or order" (quotation omitted)).

The rule that an issue not raised to the district court is waived "is particularly apt when dealing with an appeal from a grant of summary judgment, because the material facts are not in dispute and the trial judge considers only opposing legal theories." *Tele-Commc'ns, Inc. v. Commissioner*, 104 F.3d 1229, 1232 (10th Cir. 1997). If this court were to consider new arguments on appeal to reverse the district court, we would "undermine[] important judicial values. In order to preserve the integrity of the appellate structure, we should not be considered a 'second-shot' forum, a forum where secondary, back-up theories may be mounted for the first time." *Id.* at 1233. Finally, although this court has discretion to review the issue, we decline to do so because Abbasid "do[es] not

suggest, and we do not see, how the error alleged seriously affected the fairness, integrity or public reputation of these judicial proceedings." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1095 n.2 (10th Cir. 2010) (quotation and alterations omitted).

*Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge